UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE VASQUEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>N. ROBERTS, )<br>)<br>Defendant. ) | No. 2:15-cv-0138-WTL-WGH |

**Entry Granting Defendant's Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

### I.   Background

Plaintiff Jose Vasquez ("Mr. Vasquez"), a federal inmate confined at the United States Penitentiary in Terre Haute, Indiana ("FCI-TH"), alleges that his constitutional rights were violated when defendant N. Roberts, a teacher at the FCI-TH, retaliated again him by filing a false incident report because Mr. Vasquez had filed grievances about the lack of qualified instructors to teach inmates with learning disabilities. He brings his claim under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. §1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005).

Ms. Roberts has filed a motion for summary judgment arguing that Mr. Vasquez's claim is barred because he failed to exhaust his available administrative remedies. Mr. Vasquez has not opposed the motion for summary judgment.

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 18] is **granted.**

## II.  Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

### III. Discussion

Because exhaustion of administrative remedies is an affirmative defense, "the burden of proof is on the prison officials," *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), to demonstrate that Mr. Vasquez failed to exhaust all available administrative remedies before he filed this suit. The defendant's motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Vasquez on July 29, 2015, and again on August 5, 2015. *See* dkt nos. 13-15, 18-20. As noted, no response has been filed, and the deadline for doing so has passed. The consequence of Mr. Vasquez's failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Applying the standards set forth above, the defendant has shown the following:

The amended complaint was filed on April 20, 2015, and this case was opened when the amended complaint was severed from the original case. The Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. § 542.10, *et seq.*, and BOP Program Statement ("PS") 1330.18, Administrative Remedy Procedures for Inmates. The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. *See* 28 C.F.R § 542.10.

To properly exhaust his remedies, an inmate must first file an informal remedy request through appropriate institution staff members via a BP-8 form. If the inmate is not satisfied with the informal remedy response, he is first required to address his complaint to the Warden via a BP-9 form. 28 C.F.R. § 542.14. An inmate is only permitted to include a single issue or a reasonable number of closely related issues on the same form.

If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10 form. 28 C.F.R. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11 form. 28 C.F.R. § 542.15. Once an inmate receives a response to his appeal from the General Counsel (BP-11), after filing administrative remedies at all three required levels, his administrative remedies are exhausted as to the specific issue raised.

All codified BOP Program Statements are available for inmate access in the institution law library, including BOP Program Statement 1330.18. Additionally, administrative remedy filing procedures are outlined in the Inmate Information Handbook provided to all inmates upon initial intake at the prison.

Between February 17, 2015, the date of Mr. Vasquez' alleged harm, and April 20, 2015, the date the amended complaint was filed, Mr. Vasquez filed a total of ten requests for administrative remedy. The only remedy that proceeded to the Central Office (BP-11) level, was remedy number 808034-A1, which alleges that another teacher in the education department retaliated against Mr. Vasquez. This remedy does not pertain to defendant, N. Roberts and, even if it did, it was not closed until May 15, 2015, after this lawsuit was commenced.

By failing to complete the exhaustion process before this action was filed, Mr. Vasquez failed to exhaust his administrative remedies. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th

Cir. 2005) (A prisoner "may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.").

The defendant has met her burden of proving that Mr. Vasquez had available administrative remedies that he did not fully exhaust before filing his lawsuit. Given his failure to respond to the motion for summary judgment, Mr. Vasquez has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by the defendant. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Vasquez's action against Ms. Roberts should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV.  Conclusion

For the reasons explained above, the defendant's motion for summary judgment [dkt. 18] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  10/22/2015

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jose Vasquez, #26759-038
Terre Haute-FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, Indiana 47808

Electronically registered counsel